IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:22-CR-612 |
| GARY DEEL | § § § | |

## GARY DEEL AND PERRY "PJ" MATLOCK'S OPPOSED MOTION FOR A HEARING AND CONTINUANCE

Gary Deel and Perry "PJ" Matlock, through undersigned, moves this Court to hold a hearing on pending defense motions for severance (Doc. 365) and continuance (Doc. 372, 373), and to grant Deel and Matlock a continuance, showing specifically:

1. In January 2023, this case was certified as complex, which tolls "the Speedy Trial clock indefinitely." *See* Doc. 87; *see also* fn. 1 at Doc 373.

2. Deel and Matlock agree with:

    - Hennessey that his trial preparation involves just a fraction of the large universe of the government's evidence.[1] Doc. 365.

---

[1] It is therefore disingenuous for the government to claim in its reply opposing a continuance: "The fact that one Defendant can be ready for trial on October 23, 2023

- Cooperman's estimate that it will take much longer to try all seven defendants together than to try Hennessey alone (whose trial will last days only). Doc. 372.

- Hennessey and Cooperman that all of Hennessey's co-defendants need additional time to render effective assistance of counsel. Docs. 372, 373.

-Rybarczyk that effective assistance of counsel requires at least a continuance of several months for all defendants (other than Hennessey, who is moving for a severance and, alternatively, a continuance), and that the public's interest is best served in not just a trial but a *fair trial* under the Sixth Amendment. Doc. 373.

3. Rybarczyk has detailed the length of time the government investigated this case before arresting defendants, the amount of alleged securities frauds (397) now at issue, how much discovery has been disclosed to the defense, and when this discovery was disclosed. Doc. 373.

---

(and apparently has been ready for trial for multiple months) is powerful, objective evidence that the other Defendants can be ready for trial as well." Doc. 377.

4. Effective assistance of counsel mandates that the defense conducts an independent investigation into the facts and allegations in this case. As part of that, defendants have hired and noticed the government of their experts.

5. To organize discovery and expedite evidence collection and review, Deel, along with Cooperman and Matlock, have engaged Aaron Hughes of Vidoc Razor, LLC. He was engaged at the beginning of July 2023 as the government continued disclosing discovery.

6. Hughes' resume is attached as Appendix 1. Hughes is employed in the field of data forensics, data collection, analyzation, and electronic investigation. He has been retained to collect and analyze data from both the government's production and other available public or "open sources" related to the matter at hand, and to prepare reports for the defense. He will provide these analysis reports based on the government's provided discovery, online social accounts, and other electronic openly sourced information collected relevant to the case.

7. Furthermore, Hughes has been qualified as an expert in this field numerous times over the past 20 years and has never been disqualified or excluded as an expert in any court. Additionally, at the request of the FBI he has provided law enforcement accredited training in this field.

8. Deel's co-counsel Neal Davis contacted Hughes for an update on August 27 and 28, 2023, on the status of his work. Hughes said that ideally, to do a thorough job, he needs at a minimum an additional three months from the current trial date to completely review relevant discovery and compose reports for the defense analyzing the discovery. He has completed about five percent of the analysis that he feels is necessary to do a thorough job. Of course, undersigned must then have time to sufficiently review these reports and use them for trial.

9. Contrary to the government's reply, this is a change since the Court denied Rybarczyk's motion to continue. Further, neither Deel nor Matlock have previously separately filed any continuance. See Doc. 377.

10. Further contrary to the government's representation that nothing has changed since Rybarzyck's last motion for continuance was denied (without prejudice), the government's August 14 submission of nearly 1000 trial exhibits contains voluminous *new* rendered images, purported to be evidence, never before seen by the defendants or previously produced. The defendants are now engaged in the process of examining this purported evidence page by page for the first time in these proceedings, in order to adequately provide a defense.

11. It is indeed odd when the government, in its response, condescendingly lectures defense counsel—who are experienced in going to trial, trying cases, and earning their reputation for being trial lawyers and among the elite of criminal defense attorneys in the State and country—on how they cannot credibly claim they are not ready for trial.[2] See Doc. 377. Let us be clear—we try cases, that is what we do, and we believe we have

---

[2] As an example, attorney Chip Lewis has several serious trials set before this case as does Neal Davis (including several felony sex abuse cases and a murder case from COVID). Chip Lewis' co-counsel Erin Epley is a former State and federal prosecutor, and was tasked, *after* the initial scheduling order in this case, with trying the impeachment case against Attorney General Ken Paxton beginning September 5, 2023.

5

enough judgment to know when we are prepared to defend a case. *We do not believe we can be prepared to try this case with its current trial date.*

12. Also odd is the government's adamance in the current trial date in light of the defense's various well-articulated requests for continuance. One wonders whether the government is interested more in a tactical advantage in doing their own dump on the defense than in the public's interest in resolving a case that has already been declared complex.

Deel and Matlock therefore respectfully move for a hearing and a continuance of at least several months.

Respectfully Submitted,

/s/ Zachary B. Fertitta
Zachary B. Fertitta

Zachary B. Fertitta
1545 Heights Blvd
Houston, Texas 77008
Telephone: (832)-723-9900
SBN#24038896
Zach@Fertittalaw.net

/s/ Luis A. Reyes
Luis A. Reyes

Ashcroft Sutton Reyes, PLLC
919 Congress Ave. Suite 1325
Austin, Texas 78701
Telephone: (512) 547-7883
SBN: 90001831

## CERTIFICATE OF CONFERENCE

I certify that I have emailed the prosecutor on August 29, 2023, and he is opposed to this Motion for a Hearing and Continuance.

/s/ Zachary B. Fertitta
ZACHARY B. FERTITTA

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing motion has been sent via electronic mail to the government on August 29, 2023.

/s/ Zachary B. Fertitta
ZACHARY B. FERTITTA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.   § | CRIMINAL NO. 4:22-CR-612 |
| § | |
| GARY DEEL   § | |

## ORDER

ON THIS DAY came to be considered Deel and Matlock's OPPOSED MOTION FOR A HEARING AND CONTINUANCE—

A hearing is hereby GRANTED   /      DENIED and

The motion to continue trial is hereby GRANTED / DENIED.

SIGNED AND ENTERED August _____, 2023, at Houston, Texas.

_____
HONORABLE ANDREW S. HANEN
U.S. DISTRICT JUDGE